UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                                                   **Hon. Hugh B. Scott**

                                                   09CR83S

                 v.

                                                   **DECISION**
                                                         **&**
                                                   **ORDER**

Edward Parmer
a/k/a Ned,
                     Defendant.

---

     Before the Court is the defendant's omnibus motions (Docket Nos. 21 and 28) seeking the following relief: discovery, a bill of particulars, disclosure of <u>Brady</u> and Jencks material, identification of informants, disclosure of information under Rules 404, 608 and 609, and preservation of rough notes.

**Background**

     On March 5, 2009, the Grand Jury for the Western District of New York indicted the defendant, Edward Parmer, aka Ned ("Parmer"), charging that he possessed cocaine, with intention to distribute, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B) on March 12, 2008 [Count I]; and on April 1, 2008 [Count II]. (Docket No. 1). Several of the documents produced by the government reflected that the defendant was involved in drug trafficking on March 21,

1

2008. (Docket No. 21 at ¶ 8). On March 4, 2010, the Grand Jury for the Western District of New York issued a Superceding Indictment charging Parmer with possession with the intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B) on March 21, 2008 [Count I]; and on April 1, 2008 [Count II]. (Docket No. 26).

**Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990).

Although the government now represents that the dates of the alleged transactions involving the defendant are correctly stated in the Superceding Indictment as March 21, 2008 and April 1, 2008, several of the documents refer to defendant's conduct on March 12, 2008. (See, for example, Docket No. 33-3 at page 2). In light of the conflicting documents relating to the dates of the alleged conduct by the defendant, a bill of particulars is necessary in this case to permit the defendant to prepare a defense and to prevent prejudicial surprise at trial. Within 20 days of the date of this Order, the government shall provide the following particulars:

  a. A description, including the time and location of any purported drug trafficking activity on the part of the defendant on March 21, 2008 as alleged in the Superceding Indictment. In addition, the government shall produce all corresponding documents and reports relating to such activity on that date as are discoverable under Rules 12 and 16 of the Federal Rules of Criminal Procedure. The government need not disclose the identity of any confidential informant in providing the particularization.

      b.      A description, including the time and location of any purported drug trafficking activity on the part of the defendant on April 1, 2008 as alleged in the Superceding Indictment. In addition, the government shall produce all corresponding documents and reports relating to such activity on that date as are discoverable under Rules 12 and 16 of the Federal Rules of Criminal Procedure. The government need not disclose the identity of any confidential informant in providing the particularization.

      c.      The government shall specify the quantity of cocaine base and/or any other narcotic allegedly involved in the alleged drug trafficking transaction involving the defendant on March 21, 2008 and April 1, 2008.

      d.      The government shall specify the total quantity of cocaine base the defendant is alleged to be directly involved with, including any relevant conduct on March 12, 2008 or other dates upon which the government may rely with respect to consideration affecting plea discussions or sentencing in this case.

**Discovery**

The defendant's motion papers list various items of pretrial discovery. The defendant asserts that the government has provided copies of Drug Enforcement Agency ("DEA") Exhibits Nos. 6 and 8, but not Exhibit 7. Also, the defendant asserts that the government has produced audio recordings designated as N14, N15, N16, N17, N19 and N20, but not N18. (Docket No. 21 at ¶6(a) and ¶6(b)). The government responds that an inquiry has been made to determine if they are related to this case, and that they will be provided to the defendant unless there is something that exempts them from disclosure or requires the government to seek a protective order. (Docket No. 22 at page 2). If it has not already been done, the government is directed to produce these

items to the defendant or advise the defendant of any basis upon which disclosure is exempt.

The defendant also seeks a variety of photographs and other items. (Docket No. 21 at page 2-3). During oral argument on May 12, 2010, the government represented that the defendant has been provided with full discovery. The defendant has not advised the Court of any outstanding discovery issues at this time.

**Brady & Jencks Material**

The defendant seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government states that the only Brady material currently in its possession relates to the confidential source who made the alleged drug purchases from the defendant. The government represents that disclosure of the identity of the source prior to trial would create a threat to the confidential source and compromise the ability of investigating agencies to use the source in ongoing investigations. (Docket No. 22 at page 5). The government acknowledges its obligations under Brady and represents that it will provide any such information "in time to give

4

the defense a reasonable opportunity to investigate the information or otherwise use it effectively" at trial. (Docket No. 22 at page 5).

Neither the Supreme Court, nor the Second Circuit[1], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act]

---

[1] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the

defendants to have a fair opportunity to utilize the information at trial) is sufficient.

### Identity of Informants

The defendant seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

The government represents that the confidential source in this case will testify at trial and that his or her identification will be disclosed at the time the government's witness list is provided (along with Jencks material) as directed by the District Court's trial order. (Docket No. 22 at page 4). The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is denied.

### Rule 404(b), 608 and 609 Material

The defendant requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The government has represented that it intends to use at trial information relating to Parmer's December 7, 2001 conviction on drug sale and possession charges in violation of §§220.39 and 220.06 of the New York State Penal Law. (Docket No. 22 at page 6). The government shall produce all Rule 404(b)

evidence as directed by the District Court in the trial order.

With respect to the defendant's requests under Rules 608 and 609, the government represents that it has no evidence potentially admissible under either Rule 608 or 609. (Docket No. 22 at page 6).

## Preservation of Evidence and Rough Notes

The defendant has requested the preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve such information.

## Conclusion

For the reasons stated above, the respective motions for omnibus relief (Docket Nos. 21 and 28) are granted in part and denied in part consistent with the above.

So Ordered.

                                                          /s/ Hugh B. Scott
                                                          United States Magistrate Judge
                                                          Western District of New York

Buffalo, New York
June 9, 2010